**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Brandon G. Adams, | Case No. 2:21-cv-00979-GMN-BNW |
| Plaintiff, | |
| v. | **ORDER & REPORT AND RECOMMENDATION** |
| Daniel H. Brown, et al., | |
| Defendants. | |

Plaintiff Brandon Adams filed a civil rights complaint under 42 U.S.C. § 1983. He also filed an application to proceed *in forma pauperis* (IFP application). (ECF No. 3.) His IFP application and complaint are now before the Court for review under 28 U.S.C. § 1915.

Plaintiff submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the Court will grant Plaintiff's IFP application (ECF No. 3).

I.   **Factual and Procedural Background**

Mr. Adams alleges his Fifth and Fourteenth Amendment rights have been violated as a result of the actions of several individuals who were involved in his divorce case in New Jersey. These individuals include Judge Daniel Brown (who presided over the case), attorneys Robert Ricci and Harriet Raghnal (who participated in the case), as well as Judith Deer and Michele Giacalone (who were involved in providing certain Qualified Domestic Relations Order (QDRO) documentation to Judge Brown). Mr. Adams' complaint does not provide much information, but some of the supplements (ECF Nos. 2-8, 2-9, and 2-10) make clear that the civil right violations alleged are all inextricably intertwined with the actions of the New Jersey state court, and

individuals involved in Mr. Adams' divorce. The relief requested consists of injunctive relief (including having his children returned to Nevada) and having all Defendants prosecuted for alleged violations of law. It bears mentioning that this Court is familiar with Mr. Adams' overall complaint, as he previously filed a similar claim that was ultimately dismissed. *See* Case No. 2:20-cv-02112-RFB-BNW, ECF Nos. 7, 14. For many of the same reasons this Court previously recommended that case be dismissed with prejudice, the Court will do so once again in this case. Mr. Adams is cautioned not to pursue this type of claim again, as this Court does not have jurisdiction to review the determination of his divorce case or the actions of those who participated in it.

## II.     Legal Standard

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2).  In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Unless it is clear that the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### III. Analysis

Federal district courts, as courts of original jurisdiction, do not have subject matter jurisdiction to review errors allegedly committed by state courts. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923) ("The jurisdiction possessed by the District Courts is strictly original."); *D.C. Ct. App. v. Feldman*, 460 U.S. 462, 482 (1983) ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings."). Instead, the proper court to obtain review of a final state court decision is the United States Supreme Court. *See* 28 U.S.C. § 1257; *Rooker*, 263 U.S. at 416; *Feldman*, 460 U.S. at 476. The *Rooker–Feldman* doctrine applies even when the state court judgment is not made by the highest state court (*Dubinka v. Judges of the Super. Ct.*, 23 F.3d 218, 221 (9th Cir.1994); *Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n. 3 (9th Cir.1986)) and when a plaintiff's challenge to the state court's actions involves federal constitutional issues. *Feldman*, 460 U.S. at 483–84.

Under the *Rooker–Feldman* doctrine, a federal district court's jurisdiction to hear a particular constitutional challenge depends on whether the constitutional claim is "inextricably intertwined" with the state court's ruling in a state court action. *Dubinka*, 23 F.3d at 221 (quoting *Feldman*, 460 U.S. at 483–84, n.16). If the constitutional claim presented to a district court is inextricably intertwined with the state court's decision, then the district court essentially is being called upon to review the state court decision. *Id*. The district court lacks subject matter jurisdiction if the relief requested requires "'a mere revision of the errors and irregularities, or of the legality and correctness' of the state court judgment, not the 'investigation of a new case arising upon new facts.'" *MacKay v. Pfeil*, 827 F.2d 540, 545 (9th Cir. 1987).

Mr. Adams calls upon this Court to review the legality of actions taken by Judge Brown, the attorneys, and other individuals involved in the determination of his divorce. Mr. Adams' allegations would require review of the state court's decision rather than an investigation of new

factual issues. Thus, Mr. Adams' claims are "inextricably intertwined" with the state court's ruling. *See Feldman* 460 U.S. at 284–85; *Dubinka*, 23 F.3d at 221.

This Court is barred under the *Rooker–Feldman* doctrine from exercising appellate review over state court decisions. *See Rooker*, 263 U.S. at 416; *Feldman*, 460 U.S. at 482. Accordingly, this Court recommends that Adams' claim be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1), (h)(3) (a motion to dismiss for lack of subject matter jurisdiction may be raised by the parties "or otherwise" at any time); *Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 94 (1998) (holding that when a court determines that it lacks subject matter jurisdiction, its only remaining function is to declare that fact and dismiss the action).

### IV.  Conclusion

**IT IS ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 3) is GRANTED.

**IT IS RECOMMENDED** that the Complaint (ECF No. 1-1) be dismissed with prejudice.

### NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: June 2, 2021

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE